### C. P. WADDELL *v.* COMMONWEALTH.

**Criminal Law—Evidence.**

> Where the only testimony against a defendant is an alleged confession made to an accomplice the evidence is very unsatisfactory, and the court should have instructed the jury to find for the defendant.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

December 19, 1877.

OPINION BY JUDGE PRYOR:

The testimony of the principal witness for the commonwealth comes in such a questionable shape as to give to it but little weight, and when she is made an accomplice by her own statements we find no such corroborating evidence as authorized the conviction. This witness furnished the veil for hiding the face of the accused when on his journey to commit the offense, and after his return obtained a part of the money. This debased woman furnishes by a statement alone the existence of facts that tend to corroborate the truth of the confession, that is, "that she obtained a part of the money and had certain bills changed," and then it was proven that certain bills were changed for the witness. There is nothing showing that these were the bills belonging to Phelps, or that the witness obtained the money from the accused, except her own statements.

Two parties have already been convicted for the same offense, and while this affords no reason for refusing to convict upon proper proof, it is evident that the only connection this party has shown to have had in the commission of the offense with those proven to have been guilty is shown alone by the voluntary confession the witness says was made to her by the accused. There are no corroborating circumstances warranting the conviction, and under Sec. 242, Criminal Code, it was the duty of the court to give the peremptory instruction. The judgment is therefore *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*H. L. Clark, for appellant.   Moss, for appellee.*